Ferneding, J.
This case is presented on demurrer to the second amended petition. The case involves important questions which have been thoroughly and ably argued by counsel on both sides. Some questions have been presented involv- ‘ ing procedure, but we have gone to the merits of the case as presented by the petition.
*210 We do not consider it necessary to go into detail, but will content ourselves with merely announcing our conclusions upon the controlling questions of the case.
In respect to the constitutionality of the law, we feel bound by the decision of the supreme court in the case of Brissel et al. v. State, ex rel., 87 Ohio St., 154, and other cases which the supreme court has had occasion to consider and in which it has been held that the Tuberculosis Hospital Act is constitutional.
The counsel for plaintiffs refer to the exemption of municipalities containing a tuberculosis hospital, but we think that even if this question was not in the former cases presented to the supreme court, there would be a sufficient reason for the exemption of municipalities which had already provided a tuberculosis hospital. Whether tuberculosis patients of a municipality could find their way, by the process described in argument, through the county infirmary into the district hospital, we are not called upon to express an opinion at this time.
In any event, as we are advised, this provision exempting municipalities having a tuberculosis hospital was introduced by amendment passed April 17, 1913 (103 O. L., 492, 494), and if that feature is unconstitutional, it would go to the validity of the amendment rather than to the validity' of the entire act.
We, therefore, hold that the act, so far as involved in the present case, is constitutional.
We are also of opinion that the joint county board is invested with a discretion which cannot be controlled by the courts, at least in the absence of *211 fraud or gross abuse of discretion, and we do not consider that the facts stated in the second amended petition are such as to constitute either fraud or gross abuse of discretion.
The statutes have expressly authorized the location and construction of tuberculosis hospitals, and we do not think that we are justified, even under the averments of the second amended petition, in holding that the location and construction of the hospital building constitute a nuisance per se. The nuisance, if any, contemplated by the second amended petition, must be held to be one growing out of the operation of the hospital and the question is, therefore, premature at this time. If the hospital should be operated in the manner shown by the averments of the petition, it would be ample time for a court to enjoin when such careless and negligent operation of the hospital should be demonstrated.
In respect to the contention that there is no money in the treasury available for the purchase of the property, we think this is insufficient' for two reasons: First, the petition does not show that there is any money in process of collection, and, second, the statute would apply at the time when the joint board condemned the property and is about to expend the county funds for the purpose of paying the purchase price. The property can not be taken until the compensation is actually paid.
There are other objections, made in the first and second causes of action, to the condemnation of the property and the location and construction of the tuberculosis hospital, but we think none of these are sufficient to sustain an injunction.
*212 The third cause of action seeks to prevent the joint board of trustees from appropriating certain real estate, in which the plaintiff has an interest, for a right of way and easement, without making or allowing plaintiffs to be made parties to the condemnation case and without first making compensation therefor.
Counsel for defendants claim the fact to be that both Woolery and Ratcliff are made parties' defendant in the condemnation case; but we are bound by the averments of the petition. While the plaintiff Woolery does not very clearly assert that he and'Ratcliff were not parties, yet the inference to that effect from the petition is sufficiently clear.
The petition avers that the right of way in controversy, “Is sought to be appropriated by said condemnation proceedings without making or allowing this plaintiff or said Alonzo Ratcliff to be made parties thereto.”
There is a further averment that: “Plaintiff has heretofore applied to said court of common pleas Alonzo Ratcliff is a party to the condemnation proceedings and said court overruled said motion and refused to allow plaintiff to plead therein.”
We think the necessary inference from these averments is that neither the plaintiff nor said Alonzo Ratcliff is a party to the condemnation proceedings. The case is, therefore, according to the petition, one in which the joint board of trustees are about to appropriate a certain right of way over the lands of the plaintiff, without his being made party to the condemnation proceedings and without first making compensation to plaintiff for his interests in the property about to be taken.
*213 We think it is familiar law that an owner whose lands are about to be taken for any public purpose, without such owner being made a party to the condemnation proceedings and without compensation first being made, is entitled to have relief by way of injunction to protect his property.
It therefore follows that the demurrer to the first and second causes of action should be sustained and to the third cause of action overruled.

Decree accordingly.

Kunkle and Allread, JJ., concur.